## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WILLIE ECHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-CV-01277-JAR |
| | ) |
| CAVALRY PORTFOLIO | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cavalry Portfolio Services, LLC's ("CPS") Motion for Summary Judgment. (Doc. 9). The motion is fully briefed and ready for disposition.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Plaintiff Willie Echols' attempt to remove certain debts from his credit report. In August 2020, Plaintiff filed a petition in Missouri state court alleging, among other things, that CPS "is not a party to the contract [between Plaintiff and Synchrony Bank] and can not speak for the 'Lender.'" (Doc. 4 at ¶ 4). Plaintiff claims that he mailed disputing letters to various companies pursuant to his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. (*Id.* at ¶ 11). Upon receiving notice of a dispute, furnishers of credit information like CPS have certain investigation and reporting obligations under the FCRA. Plaintiff attached to his petition a letter from CPS dated May 28, 2020 verifying that Plaintiff owes $959.47 on an account originating from Synchrony Bank / LensCrafters. (Doc. 4-1 at 6-11). CPS timely filed a Notice of Removal on the grounds that Plaintiff's FCRA claim

---

[1] Because Plaintiff is proceeding pro se, this Court will in its discretion accept Plaintiff's late response to CPS' motion for summary judgment. (Docs. 12-13).

establishes federal jurisdiction. (Doc. 1). CPS now seeks summary judgment, arguing that Plaintiff has not brought forth any evidence demonstrating that CPS failed to conduct a reasonable investigation or otherwise meet its obligations under the FCRA.

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 56, a movant is entitled to summary judgment if they can "show that there is no genuine dispute as to any material fact" and they are "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, the evidence must be viewed in the light most favorable to the nonmoving party. *Osborn v. E.F. Hutton & Co.*, 853 F.2d 616, 619 (8th Cir. 1988). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The nonmovant, however, "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 587-87 (1986)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Because Plaintiff is proceeding pro se, this Court liberally construes his complaint and other filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2]

---

[2] Like CPS, this Court liberally construes Plaintiff's complaint as alleging a violation of the FCRA, thereby establishing federal jurisdiction. Plaintiff has not questioned this characterization or sought remand.

Plaintiff's complaint includes various allegations which this Court declines to treat as stating a claim for relief under Fed. R. Civ. P. 8. Plaintiff appears to argue that CPS cannot validate the debt because it is not a party to the contract with Synchrony Bank / LensCrafters, but also, more confusingly, because he has assigned all of his debts to a trust in his own name, thereby absolving him of any personal responsibility for the trust's debt. (Doc. 4 at ¶¶ 4-10). Plaintiff attached to his complaint a "Statement of Beneficial Ownership" ostensibly validating the existence of such trust. (Doc. 4-1 at 7-8). In his response to the instant motion, Plaintiff repeats this argument but also contends that "[m]oney was discontinued by an act of Congress in 1933." (Doc. 13 at ¶ 6). This Court does not interpret any of these arguments

**III.    DISCUSSION**

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007); 15 U.S.C. § 1681(a)(3)-(4). Though primarily aimed at credit reporting agencies ("CRAs"), the FCRA also places obligations on furnishers of information to those agencies, like CPS. *Cathcart v. Am. Express Co.*, No. 4:11-CV-2125-JAR, 2014 WL 5320236, at *3 (E.D. Mo. Oct. 17, 2014).

Plaintiff allegedly contacted the three main CRAs, TransUnion, Experian, and Equifax, disputing information on his credit report. (Doc. 10 at ¶ 5).[3] Upon receiving Plaintiff's letter(s), the CRAs became obligated to "conduct a reasonable investigation" regarding the disputed information. 15 U.S.C. § 1681i(a). As part of this investigation, the CRAs must promptly notify the furnisher of credit information, here CPS, of the dispute. 15 U.S.C. § 1681i(a)(2). After receiving notice from the CRA, the furnisher of information must conduct a reasonable investigation regarding the dispute and report its findings to the CRA. 15 U.S.C. § 1681s-2(b)(1)(A)-(C). There are additional obligations if the furnisher determines that any information is incomplete or inaccurate. 15 U.S.C. § 1681s-2(b)(1)(D)-(E).

---

as stating a claim for relief. To the extent Plaintiff's petition can be interpreted as making a genuine claim for relief beyond the FCRA claim, the Court would dismiss such claims sua sponte. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) ("We now hold that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process.").

[3] This Court accepts as true all statements of material fact in CPS' Statement of Uncontroverted Material Facts ("CPS SUMF"). (Doc. 10). Local Rule 4.01(E) provides that "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Plaintiff has not responded to the CPS SUMF, and all facts therein are accordingly deemed admitted. *See Wagner v. Brown*, No. 4:15-CV-01277 JAR, 2017 WL 3433630, at *1 n.2 (E.D. Mo. Aug. 10, 2017). The Court notes that Plaintiff's failure to properly respond does not mean summary judgment should be automatically granted. The undisputed facts as alleged by CPS still must establish that it is entitled to judgment as a matter of law. *Id*.

The FCRA recognizes a cause of action against furnishers for negligent noncompliance with this requirement. 15 U.S.C. § 1681o. Plaintiff also cites 15 U.S.C. § 1681n, which establishes statutory damages for willful noncompliance with the requirements of the FCRA. *See Burr*, 551 U.S. 47 (holding that reckless disregard constitutes willful noncompliance). To state a claim against a furnisher for violating § 1681s-2(b), a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation. *See Bevly v. Equifax Info. Servs., LLC*, No. 4:18-CV-01484-JAR, 2019 WL 1434722, at *2 (E.D. Mo. Apr. 1, 2019).

CPS argues that Plaintiff has not brought forth any evidence demonstrating that CPS failed to conduct a reasonable investigation, correct any inaccuracies, or notify the CRAs of the results of the investigation. This Court agrees. CPS' factual assertion is corroborated by the CPS SUMF, which has been deemed admitted. (Doc. 10 at ¶ 6).[4] It is also supported by Plaintiff's own filings, which include a letter from CPS to Plaintiff verifying the disputed debt and providing copies of the relevant credit card statements. (Doc. 4-1 at 1-6). Simply put, Plaintiff has made no plausible allegation that CPS violated the FCRA. *See Bedford v. Doe*, 880 F.3d 993, 996-97 (8th Cir. 2018) ("[I]f the nonmoving party must prove *X* to prevail, the moving party at summary judgment can either produce evidence that *X* is not so or point out that the nonmoving party lacks the evidence to prove *X*.").

In order to defeat a motion for summary judgment, the nonmovant must "come forward with specific facts showing that there is a genuine issue for trial." *Western Heritage Ins. Co. v.*

---

[4] The CPS SUMF states: "Plaintiff did not allege or bring forth any evidence to show that CPS failed to conduct an investigation, correct any inaccuracies, or notify the credit reporting agencies of the results of the investigation." (Doc. 10 at ¶ 6).

*Asphalt Wizards*, 795 F.3d 832, 837 (8th Cir. 2015) (quoting *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.*, 732 F.3d 882, 886 (8th Cir. 2013)). Plaintiff has failed to respond whatsoever to the CPS SUMF, and his response to the motion for summary judgment does not make any relevant factual allegations as to CPS' investigation or furnishment of information. (Doc. 13). Though Plaintiff is proceeding pro se, he is "not excused from compliance with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986); *see also Johns v. City of Florissant*, No. 4:18-CV-1121-AGF, 2020 WL 7695416, at *2 (E.D. Mo. Dec. 28, 2020) (deeming defendant's statement of material facts admitted despite pro se status of plaintiff). Plaintiff's complaint fails as a matter of law because there is no genuine dispute of material fact as to whether CPS complied with the FCRA.

**IV.   CONCLUSION**

Plaintiff alleges that CPS violated the FCRA. CPS seeks summary judgment on the grounds that Plaintiff has not brought forth any evidence demonstrating that CPS did not meet its obligations under the FCRA. Because Plaintiff has not established a genuine dispute of material fact on this essential element of his claim, his complaint fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cavalry Portfolio Services, LLC's Motion for Summary Judgment (Doc. 9) is **GRANTED**. A separate Order of Judgment will accompany this Memorandum and Order.

Dated this 8th day of February, 2021.

                                                    _____
                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE